## Owen *against* Henman.

The disturbance of a member of a religious congregation, while engaged in religious exercises in the church, by making loud noises in singing, reading, and talking, is an injury for which no action can be maintained by him.

ERROR to the Common Pleas of *Bradford* county.

This was an action on the case by David H. Owen against Abner C. Henman, Daniel Coolbaugh and others, in which the plaintiff thus declared:

" Abner C. Henman and others were summoned to answer David H. Owen of a plea of trespass on the case, whereupon the said David H. Owen, by Edward Overton, Esq., his attorney, complains: For that whereas the said plaintiff before and at the time of the committing of the grievance hereinafter next mentioned, was, and from thence hitherto hath been, and still is, a member of the Old Presbyterian Church, of Wysox, of the township of Wysox, in the county of Bradford aforesaid, by reason whereof he, the said plaintiff, during all the time aforesaid, unto the time of the committing of the grievance by the said defendants, as hereinafter next mentioned, had, and still of right ought to have the use and benefit of the Brick Church Meeting House erection and building, situated in the township of Wysox aforesaid, in the county aforesaid, to hear and attend divine service, and exercise religious worship therein with the minister, church, and congregation of the said Old Presbyterian Church of Wysox, according to the rules and regulations of the said Church, the said Brick Church Meeting House erection and building being the sole property of the said Old Presbyterian Church of Wysox, and by them, and the congregation worshipping with them, used and occupied for the purpose of hearing and attending divine service and religious worship before and at the time of the committing of the grievance hereinafter next mentioned; yet the said defendants, well knowing the premises but contriving and wrongfully and unjustly intending to injure and prejudice the said plaintiff and to deprive him of the use and benefit of the said Brick Church Meeting House erection and building for the purpose of attending and hearing divine service and exercising religious worship therein, to which he was entitled as aforesaid, to wit, on the 10th day of November, in the year of our Lord one thousand eight hundred and thirty-nine, at Wysox aforesaid, in the county aforesaid, and divers other days and times between that day and the day of exhibiting this

[Owen v. Henman.]

bill, unlawfully, and without the leave and license, and against the will of the said plaintiff, and without the leave and license of the said Old Presbyterian Church, or of the minister or sessions thereof, did enter, and cause, and procure divers other persons to enter and continue in said Brick Church Meeting House erection and building, and did then and there unlawfully make a loud noise in talking, singing, and reading, and did unlawfully forbid, hinder, disturb, and prevent the Rev. Edwin Brunson, the minister of the said Old Presbyterian Church, of Wysox aforesaid, from performing divine service in the said Brick Church Meeting House erection and building, as of right he was entitled to do; and by such loud noise, in talking, singing, and reading as aforesaid, unlawfully hindered and prevented the said plaintiff from hearing, joining in, and attending the same in so ample and beneficial a manner as he was entitled to do, and otherwise might, ought to, and would have done, to wit, at Wysox aforesaid, in the county aforesaid."

On the trial of the cause, the counsel for the plaintiff having made his opening and stated the facts on which he intended to rely for a recovery, the defendants' counsel, for the purpose of the trial, admitted that the facts set forth in the plaintiff's declaration were true, and also that the Old Presbyterian Church, of Wysox, was not incorporated; to which the counsel for the plaintiff assented, in order to raise a question of law for the court.

The defendant's counsel requested the court to charge the jury that there was no cause of action set forth in the plaintiff's declaration, and that although the facts therein stated were admitted to be true, yet that the plaintiff was not entitled to recover.

The court instructed the jury that this was the law, and that their verdict ought to be for the defendants.

The plaintiff excepted to the opinion of the court.

Error assigned:

The court erred in instructing the jury that their verdict ought to be for the defendants.

*Overton*, for plaintiff in error, cited 1 *Com. Dig.* 278; 1 *Wheat. Selw.* 427; 2 *Wheat. Selw.* 1138; *Chit. Gen. Prac.* 208, 396; 7 *Cowen* 609; 2 *Mass.* 500; 2 *Mod.* 355.

*Elwell* and *Williston*, contra, cited *Act of Assembly of* 2d *April* 1822; 1 *Russ. on Crimes* 277; 1 *Hawk.* 271; 1 *Saund.* 13; 7 *En. Com. Law Rep.* 129.

The opinion of the Court was delivered by

SERGEANT, J.—The questions arising in this case are on the sufficiency of the cause of action stated in the declaration, and ought properly to have been raised by a demurrer to the declaration, and not by asking the court to charge on the evidence. As however,

[Owen v. Henman.]

this course has been consented to, and the cause has been agreed to be treated as if it were a demurrer to the declaration, we shall so consider it.

The complaint in the narr., succinctly stated, is, so far as it concerns the plaintiff, that the defendants unlawfully disturbed him in the hearing of the preaching of a clergyman in the church and building, in so ample and beneficial a manner as he might have done, by making loud noises in singing, reading, and talking, he being a member of the congregation, and having the right to sit there, and to hear divine service, and exercise religious worship therein, the said building being, according to their rules and regulations, the property of the said congregation, and used and occupied by them. Whatever rights and privileges the plaintiff may, with others, have in the building, we have no doubt there are remedies at law for the full protection of them, provided they are sought in a proper manner. But it does not, therefore, follow that he can maintain an action on the case for a disturbance such as is here laid.

In the first place, the injury alleged is not the ground of an action. He claims no right in the building, or any pew in it, which has been invaded. There is no damage to his property, health, reputation, or person. He is disturbed in listening to a sermon by noises. Could an action be brought by every person whose mind or feelings were disturbed in listening to a discourse, or any other mental exercise, (and it must be the same whether in a church or elsewhere), by the noises, voluntary or involuntary of others, the field of litigation would be extended beyond endurance. The injury, moreover, is not of a temporal nature : it is altogether of a spiritual character, for which no action at law lies. It is settled that an action on the case does not lie when there is not any temporal damage, as against a woman who pretends herself single, and inveigles a man into a marriage, whereby he is disturbed in conscience. 1 *Com. Dig.* 180 ; 1 *Lev.* 247. Nor does it lie for refusing to administer the sacrament. 1 *Sid.* 34. Nor for not reading divine service to him and the tenants of his manor. *Ib.* 5 *Co.* 73 *a*. In 5 *Barn. & Ald.* 356 (7 *E. C. L.* 129) it was decided that an action will not lie for disturbing the plaintiff in the occupation of a seat in the body of a church, though he had contributed to the making of the seats.

Indeed it is well known, that the property of our churches and meeting-houses, and the superintendence of the congregations, and the rights to control and regulate them, and to prevent improper intrusion or interference by suit or otherwise, is uniformly vested in some corporation or trustees, in whom is placed the power to enforce the conditions of the founder, or the will of the owners. It is for them, or the organized officers, to bring actions of trespass, or, on the case, to regulate the affairs of the churches, and to protect the members in the enjoyment of their religious rights

[Owen v. Henman.]

and property. In addition, any persons disturbing congregations are liable to indictment by the Act of 2d April 1822. The injury complained of, if against the will of the officers of the church, is in the nature of a nuisance or injury to them, and it is for them to seek redress.

Another objection to this action, springing out of similar causes, is, that if the plaintiff may maintain such an action, so may every member of the congregation present, whether males or females, adults or minors, and even sojourners attending, according to common usage. In *Williams's Case*, (5 Co. 73), the plaintiff sued a clergyman for not performing divine service as he was bound to do, to the plaintiff, his servants, and tenants within the manor. It was held the action would not lie; for if it did, every of his tenants might also have his action on the case, and so infinite actions for one default. A man cannot have an action on the case for a nuisance done in the highway, for it is a common nuisance, and then it is not reasonable that a particular person shall have the action; for by the same reason that one person might have an action for it, by the same reason every one might have an action, and then he would be punished a hundred times for one and the same cause. *Ib. Co. Lit.* 56 *a*; 1 *Com. Dig.* 180.

We therefore think the court below rightly determined that the cause of action set forth in the narr. was not sufficient in law to maintain the suit.

Judgment affirmed.